```
 1              UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF OHIO
 2                    WESTERN DIVISION

 3                       - - -

 4  UNITED STATES OF AMERICA,   .  COURT OF APPEALS NO. 07-4160

 5            Plaintiff,        .  CASE NO.1:05-CR-183-2

 6  - v -                       .  CHANGE OF PLEA

 7  RONALD SUTTON,              .  Tuesday, February 20, 2007

 8            Defendant.        .  1:00 p.m.

 9  . . . . . . . . . . . . . .  Cincinnati, Ohio

10

11

12              TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE MICHAEL R. BARRETT
13

14
    For the Plaintiff:   Timothy Oakley, Esq. (AUSA)
15                       United States Attorney's Office
                         221 East Fourth Street, Suite 400
16                       Cincinnati, Ohio  45202

17  For the Defendant
    Ronald Sutton:       Geoffrey W. Pittman, Esq.
18                       114 East Eighth Street
                         Cincinnati, Ohio  45202
19

20

21  Law Clerk:           Grace Royalty, Esq.

22

23  Courtroom Deputy:    Barbara Crum

24

25  Court Reporter:      Maryann T. Maffia, RMR, Official
```

Proceedings recorded in stenotype, transcript produced by computer.

1          THE CLERK:  On the docket is District Court Case

2    Number 1:05-CR-183, Defendant Number Two:  *United States of*

3    *America versus Ronald Sutton*.  We're here before the Honorable

4    Michael R. Barrett, United States District Judge for the

5    Southern District of Ohio for a change of plea hearing.

6          THE COURT:  Mr. Oakley, could you please enter your

7    appearance for the record?

8          MR. OAKLEY:  Yes, Your Honor.  Tim Oakley for the

9    United States.

10          THE COURT:  Okay.  Mr. Pittman, could you enter your

11    appearance?  And, Geoff, if you and your client want to come

12    to the front podium, that would be good.

13          MR. PITTMAN:  Geoff Pittman, Your Honor, on behalf of

14    Ronald Sutton.

15          THE COURT:  Mr. Sutton, how you doing today?

16          THE DEFENDANT:  I'm doing good, sir.

17          THE COURT:  You are represented by Mr. Pittman,

18    correct?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Mr. Oakley, what are the charges we are

21    proceeding under at this time?

22          MR. OAKLEY:  Your Honor, today we anticipate a change

23    of plea to Counts Three, Four, Five and Six of the indictment.

24    Counts Three and Five charge Mr. Sutton with bank robbery in

25    violation of 18 U.S.C. 2113(a) and (d), and carrying a maximum

1    penalty of up to 25 years imprisonment, a fine of up to

2    $250,000, and a five-year term of supervised release with a

3    $100 special assessment.  Counts Four and Six charge

4    Mr. Sutton with brandishing -- carrying and brandishing a

5    firearm with the commission of a crime of violence in

6    violation of 18 U.S.C. 924(c).  Count Four will carry a

7    mandatory minimum sentence of seven years incarceration with

8    potential life imprisonment, a fine of up to $250,000, a

9    five-year term of Supervised Release.  Count Six carries a

10   mandatory minimum sentence of 25 years incarceration with the

11   same potential of life sentence, a fine of $250,000, a

12   five-year term of supervised release, a $100 special

13   assessment.  Counts Three and Five have to be served

14   consecutively with Counts Four and Six.  Count Six must be

15   serve consecutively to all of the counts.

16          THE COURT:  Mr. Pittman, is it my understanding that

17   you wish to make a motion at this time to change your client's

18   previous plea in this case?

19          MR. PITTMAN:  Yes, Your Honor.  So moved.

20          THE COURT:  Okay.  Mr. Sutton, I'm going to ask you

21   some questions now.  The first thing I'm going to ask you is

22   -- do we need to swear Mr. Sutton in?

23          THE CLERK:  Yes.

24          THE COURT:  I'm going to ask you some questions under

25   oath, Mr. Sutton, and you have to give honest and truthful

1   answers to these questions.  Okay?

2          THE DEFENDANT:  Yes, sir.

3   (The defendant was duly sworn by the Clerk.)

4          THE COURT:  Mr. Sutton, you have previously received

5   a copy of the indictment in this case that had all the charges

6   against you, correct?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Have you had a chance to discuss those

9   with Mr. Pittman?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  All right.  And has Mr. Pittman explained

12   to you the various charges and offenses that are lined up

13   against you?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  All right.  Do you understand the meaning

16   of those charges?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  And have you and Mr. Pittman discussed

19   any possible defenses you may have to those charges?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  Okay.  And did he also discuss with you

22   the maximum penalties that could be imposed in this case?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  And Mr. Oakley just indicated you wish to

25   withdraw your plea of not guilty and enter a guilty plea on

1    Counts Three, Four, Five and Six.  Your attorney has indicated

2    that he makes that motion.  Is that your intention at this

3    time, to enter a plea to those counts?

4              THE DEFENDANT:  Yes, Your Honor.

5              THE COURT:  All right.  I will now allow you to

6    withdraw your plea of not guilty and ask you:  How do you

7    plead to Counts Three, Four, Five and Six of the indictment,

8    guilty or not guilty?

9              THE DEFENDANT:  Guilty, sir.

10             THE COURT:  Okay.  Now, before accepting your plea of

11   guilty, I've got to ask you some questions to make sure that

12   this plea is made with the full understanding of the nature of

13   the charges and the consequences of plea, so I'm going to go

14   through a few things.

15             As I previously indicated, you understand you are

16   under oath and you have to give truthful and honest answers,

17   correct?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  Okay.  Ronald, what's your full name?

20             THE DEFENDANT:  Ronald Sylvester Sutton, Junior.

21             THE COURT:  And how old are you?

22             THE DEFENDANT:  Thirty-eight.

23             THE COURT:  Are you older or younger than Randall?

24             THE DEFENDANT:  I'm the oldest.

25             THE COURT:  You're the oldest.  Okay.  How far did

1   you go in school?

2           THE DEFENDANT:  To the ninth grade.

3           THE COURT:  I think you said you guys grew up in

4   Detroit; is that right?

5           THE DEFENDANT:  Yes, Your Honor.

6           THE COURT:  Grew up in Detroit.  Have you ever been

7   treated for any type of mental illness or substance abuse?

8           THE DEFENDANT:  Not in the past, but recently I have.

9           THE COURT:  Okay.  Is that in conjunction with the

10  competency motion that was filed and we already heard about?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Okay.  Other than the items contained in

13  the competency report, any other type of treatment or

14  medications?

15          THE DEFENDANT:  Not right now at this time.

16          THE COURT:  Okay.  In the past 24 hours have you

17  taken any kind of narcotics, drugs, medicine, pills or any

18  kind of alcoholic beverage that would affect the way you would

19  hear the way I'm asking you questions today and the way you

20  would answer those questions?

21          THE DEFENDANT:  No, Your Honor.

22          THE COURT:  Are you under the influence of anything?

23          THE DEFENDANT:  No, Your Honor.

24          THE COURT:  Mr. Pittman, do you have doubt as to the

25  competency of the defendant to discuss the plea with me at

1   this time?

2           MR. PITTMAN:  No, Your Honor, no doubts whatsoever.

3           THE COURT:  Okay.  And we've previously talked about,

4   Mr. Sutton, you understand the nature of the charges against

5   you, right?

6           THE DEFENDANT:  Yes, sir, Your Honor.

7           THE COURT:  And you think that Mr. Pittman has told

8   you about the facts and circumstances surrounding the charges,

9   right?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  And are you satisfied with Mr. Pittman's

12  advice and representation so far?

13          THE DEFENDANT:  Yes, sir, Your Honor.

14          THE COURT:  Okay.  A couple of things I want to go

15  over.  Mr. Oakley had already mentioned some of these, but

16  I've got to do them in more detail so Maryann can take it down

17  and we're clear on what's going on.

18          The maximum penalty for Counts Three and Five, which

19  are the bank robbery charges in violation of 18 U.S.C.

20  2133(a) and (d), carries up to 25 years of imprisonment, a

21  fine of up to $250,000.  Since there is no probation, there is

22  a term of five years supervised release following that, and

23  there is a $100 special assessment.  Do you understand that?

24          THE DEFENDANT:  Yes, sir, Your Honor.

25          THE COURT:  Okay.  As to Count Four of the

1  indictment, that's one of the carrying and brandishing a

2  firearms charge during the commission of a crime of violence

3  which is a violation against 18 U.S.C. 924(c)(1) and (2).

4  This particular one carries a mandatory minimum sentence of

5  seven years incarceration, up to a potential of life

6  imprisonment, a fine of $250,000, a five-year term of

7  supervised release, and a $100 special assessment.

8         Do you understand that?

9         THE DEFENDANT:  Yes, sir, Your Honor.

10        THE COURT:  Count Six is a little bit different.

11 That's carrying and brandishing a firearm during the

12 commission of an offense of violence against 18 U.S.C.

13 924(c)(1) and (2).  This one carries a mandatory minimum of 25

14 years incarceration, a potential of life imprisonment, a fine

15 of up to $250,000, a five-year term of supervised release, and

16 then the $100 special assessment.  Do you understand all that?

17        THE DEFENDANT:  Yes, sir, Your Honor.

18        THE COURT:  Okay.  Do you understand that if your

19 plea of guilty is accepted the Court could impose the same

20 penalty even as if you went to trial and were found guilty by

21 a jury?  Do you understand that?

22        THE DEFENDANT:  Yes, sir, Your Honor.

23        THE COURT:  Do you understand that the offenses to

24 which you are pleading are felony offenses and that if your

25 plea is accepted you will be adjudged guilty, that you will be

1  deprived of certain valuable civil rights such as the right to

2  vote, the right to hold public office, the right to serve on a

3  jury, and you can never possess a firearm ever again?  Do you

4  understand all that?

5          THE DEFENDANT:  Yes, sir, Your Honor.

6          THE COURT:  All right.  I guess there is some

7  restitution or forfeiture in this case, Mr. Oakley?

8          MR. OAKLEY:  There would be some restitution ordered,

9  and there would be a victim impact statement also.

10          THE COURT:  Do you understand that because money was

11  taken there could be an order of restitution in this case?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  All right.  I want to talk to you a

14  little bit about supervised release which would occur because

15  there has to be a sentence in this case.  It's a period of

16  supervision by the Probation Department that follows a period

17  of imprisonment, and it is imposed under the terms and

18  conditions set by me.  A violation of any of those terms and

19  conditions could lead to an additional period of imprisonment

20  for up to a term of the full period of supervised release.  If

21  you violate any terms or conditions of the release, you might

22  not receive any credit for the time you've already been out on

23  supervised release.  You think you understand that?

24          THE DEFENDANT:  Yes, sir, Your Honor.

25          THE COURT:  Okay.  As I previously indicated, since

1    there will be a sentence you will receive supervised release.

2    Okay?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  I want to talk a little bit about the

5    guideline sentencing and how that works in.  Under the

6    Sentencing Reform Act of 1984, the United States Sentencing

7    Commission issued guidelines that required federal judges to

8    follow in determining the sentence in a criminal case.  In

9    January of 2005 in a case called *United States versus Booker*,

10   the Supreme Court ruled that it was unconstitutional for

11   federal judges to be required to follow the guidelines in

12   sentencing, but they did say it was constitutional for federal

13   judges to be required to consider the guidelines and take them

14   into account as a determining factor in sentencing.

15             Do you understand that?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  So we will still consider the factors

18   discussed in the guidelines along with other factors that the

19   Probation Department talks about or your attorney or the

20   government talks about at the time of sentencing.  Has

21   Mr. Pittman talked to you about how the guidelines would apply

22   to your case?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Okay.  Do you understand that

25   irrespective of everything we've talked about that I would

1   have the authority to impose a sentence that could be more

2   severe or less severe than the sentence suggested by the

3   guidelines?

4         THE DEFENDANT:  Yes, sir.

5         THE COURT:  And do you understand the actual sentence

6   imposed ends up being entirely at the discretion of the Court

7   limited by the minimum or maximum penalties which we just

8   talked about a few minutes ago?  Do you understand that?

9         THE DEFENDANT:  Yes, sir, Your Honor.

10        THE COURT:  Okay.  Do you also understand that I'm

11  not going to be able to determine or indicate what your

12  sentence would be until after the Presentence Report has been

13  completed and you and the government have had an opportunity

14  to challenge any facts or conclusions stated by the Probation

15  Department?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  Do you understand that the Court is not

18  bound by any stipulation of facts between you and the

19  government, and the Court may, with the aid of that

20  Presentence Report we have talked about, determine the

21  relevant sentence in your case?

22        THE DEFENDANT:  Yes, sir.

23        THE COURT:  Does this agreement have a provision on

24  appellate rights, Mr. Oakley?

25        MR. OAKLEY:  No, Your Honor.

1          THE COURT:  Okay.  Do understand that there are

2    certain mandatory minimum penalties that we have previously

3    discussed and I might not have discretion to place you on

4    probation, that I may have to give you a term of imprisonment

5    based upon the mandatory minimum of the charges?  Do you

6    understand that?

7          THE DEFENDANT:  Yes, sir, Your Honor.

8          THE COURT:  All right.  I want to talk to you a

9    little bit about your constitutional rights and what rights

10   you would be giving up as a result of the plea.  You have the

11   right to plead not guilty and be tried by a jury at a speedy

12   and public trial.  Do you understand that?

13         THE DEFENDANT:  Yes.

14         THE COURT:  At that trial, you would have the right

15   to have Mr. Pittman assist you and to ask questions and

16   confront and cross-examine any witnesses that would testify

17   against you at that trial.  Do you understand that?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  You would be entitled to have Mr. Pittman

20   issue subpoenas on your behalf, to bring in any witnesses that

21   you thought were necessary to testify on your behalf.  Do you

22   know that?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  You have the right to refuse to testify

25   unless you and your lawyer would choose to have you testify in

1    your own defense.  Do you understand that?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  And at that trial you would be presumed

4    to be innocent until such time, if ever, that the government

5    established your guilt by competent evidence beyond a

6    reasonable doubt.  Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Okay.  And do you understand that if you

9    enter this plea of guilty, which you have already tendered,

10    that you give up all these rights that I have just talked to

11    you about.  Do you understand that?

12          THE DEFENDANT:  Yes, sir, Your Honor.

13          THE COURT:  Do you understand that by doing so, by

14    pleading guilty, you also waive your right not to incriminate

15    yourself because I'm going to have to ask you some other

16    questions about what you did in order to satisfy myself that

17    you were guilty as charged and you have to acknowledge your

18    guilt?  Do you understand that?

19          THE DEFENDANT:  Yes, sir, Your Honor.

20          THE COURT:  Okay.  What's going to happen is, is an

21    agent is going to read a Statement of Facts, and I am going to

22    ask you if you agree with the Statement of Facts.  Okay?

23          THE DEFENDANT:  Okay.

24          THE COURT:  And you are willing to waive and give up

25    the rights we just talked about?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  All right.  It's my understanding that

3    there is a Plea Agreement in this case, and the Plea

4    Agreements are permissible and can be proffered provided that

5    the Court agrees with the terms and conditions of the Plea

6    Agreement.            And, Mr. Oakley, there is a Plea

7    Agreement?

8          MR. OAKLEY:  Yes, Your Honor, there is a Plea

9    Agreement that's been signed by the parties and filed with the

10   Court.

11         THE COURT:  Mr. Pittman, do you and your client have

12   a copy of the Plea Agreement there?

13         MR. PITTMAN:  Yes, Your Honor.

14         THE COURT:  Are you able to follow along?

15         MR. PITTMAN:  Yes.

16         THE COURT:  All right.  Mr. Oakley, could you -- is

17   this filed under seal or not?  What's the status on this one?

18         MR. OAKLEY:  Your Honor, I don't think that would be

19   necessary.

20         THE COURT:  Okay.  Can you outline the essential

21   terms of the Plea Agreement?

22         MR. OAKLEY:  Yes, Your Honor.  It indicates what

23   Mr. Sutton will be entering a plea to and the potential

24   penalties.  Further, Your Honor, it goes on to say that once

25   the plea is accepted and not withdrawn, the United States will

1    limit the charges brought in this matter to the two counts of

2    18 U.S.C. 2113(a) and (d), the two counts in violation of

3    18 U.S.C. 924(c).  Mr. Sutton understands that the Sentencing

4    Reform Act and the Sentencing Guidelines are now advisory but

5    the Court must consider those in the imposition of a sentence.

6        In consideration for Mr. Ronald Sutton's voluntary

7    and truthful admission to the authorities of his involvement

8    in the instant offense, the United States recommends that he

9    be given a two-point reduction for the acceptance of

10   responsibility.  The United States Attorney recommends that as

11   of the time of the execution of this Plea Agreement he has

12   accepted responsibility for the offenses to which he has

13   agreed to plead guilty to, and if he continues to accept

14   responsibility throughout the time of sentencing the United

15   States will notify the Court that he has timely notified the

16   authorities of intent to plead guilty and there will be a

17   further one-level reduction.

18        The defendant agrees to cooperate with the United

19   States and provide truthful and complete answers to all

20   inquiries regarding the facts of this case and other cases of

21   himself and others.  Should he provide such substantial

22   assistance in the investigation or prosecution of others, the

23   United States will file a recommendation with this Court for a

24   downward departure of sentence.  The filing of that motion

25   shall be at the sole discretion of the United States, and

1   Mr. Sutton understands that it does not bind the Court.  The

2   filing is in reliance of his continued cooperation.

3           Paragraph 7, Your Honor.  Defendant Ronald Sutton

4   further understands he has the following rights:

5           The right to be represented by an attorney at every

6   stage of the proceeding.  When necessary, one will be

7   appointed to represent him;

8           To plead not guilty;

9           To be tried by a jury;

10          To be assisted by counsel throughout that trial;

11          To confront and cross-examine adverse witnesses;

12          To have compulsory process to summon witnesses for

13  the defense;

14          Not to be compelled to testify;

15          To be presumed innocent throughout the trial and

16  unless found guilty by a jury.

17          Ronald Sutton understands that if his plea is

18  accepted there will not be any further trial and that he

19  waives all of his rights to a trial and all of the rights set

20  forth in Paragraph 7 with the exception of being represented

21  by an attorney.

22          He understands that the Court will question him on

23  the record about the offenses to which he pleads guilty, which

24  questioning may be under oath and which can provide a basis

25  for a later prosecution of Mr. Sutton for perjury or false

1    statements.

2         By signing the document, he acknowledges the truth of

3    the attached Statement of Facts.  In the event that he does

4    not plead guilty or later withdraws his plea of guilty, he

5    agrees and understands that he hereby waives any protection

6    afforded to him by Section 1B1.8(a) of the Sentencing

7    Guidelines, of Rule 410 of the Rules of Evidence, and

8    Rule 11(f) of the Rules of Criminal Procedure, and that any

9    statements made by him as part of the plea discussions, as

10   part of the Plea Agreement or part of his cooperation may be

11   admissible against him.

12        No promises have been made to Mr. Sutton that he will

13   receive probation or a lighter sentence on account of his plea

14   of guilty.

15        He understands that the stipulations and

16   recommendations set forth do not bind the Court.  Should the

17   Court not follow his recommendations, he does not have the

18   right to withdraw his guilty plea.

19        He understands he will be required to pay a special

20   assessment of $400, that he relinquishes and signs over any

21   and all possessory interest that he may have had in any

22   firearms in question to the United States so that they may be

23   disposed.

24        The written Plea Agreement embodies all of the

25   agreements and understandings between the United States

1    Attorney and Ronald Sutton.  No conversation, discussion,

2    understanding or other documents extraneous to this Plea

3    Agreement shall be considered part of this Plea Agreement.

4              It's been signed by all parties, Your Honor.

5              THE COURT:  Okay.  Mr. Sutton, I know that as I was

6    watching, you and Mr. Pittman seemed to be following along

7    with the Plea Agreement itself right there at the table?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  And has Mr. Oakley fairly summarized the

10   document that the two of you have there?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Okay.  On the second-to-last page on the

13   bottom right-hand corner there is a signature above your typed

14   name "Ronald Sutton."  Is that, in fact, your signature?  Can

15   you take a look at it, Ronald?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  Okay.  Mr. Pittman, do you agree with

18   your client that that is the fair embodiment of the Plea

19   Agreement?

20             MR. PITTMAN:  Yes, Your Honor.

21             THE COURT:  Okay.  Mr. Sutton, has anybody made any

22   other or different promises or assurances of any kind other

23   than what's been talked about in the Plea Agreement to get you

24   to plead guilty today?

25             THE DEFENDANT:  No, Your Honor.

1      THE COURT:  All right.  And as was indicated a couple

2  of times now, do you understand the recommendation of the

3  sentence, if there is one agreed to by your lawyer and the

4  government or any agreement by the government not to oppose

5  what your lawyer requests, that's not binding on the Court,

6  and that after I receive the presentence investigation I will

7  be able to determine the sentence?  It could be more or less

8  severe than that which is recommended?  Do you understand

9  that?

10      THE DEFENDANT:  Yes.

11      THE COURT:  Okay.  Aside from the Plea Agreement

12  which we just talked about, has any officer, agent of the

13  government or any of the lawyers in this case promised or

14  suggested that you will receive a lighter sentence or any

15  other form of leniency if you plead guilty?

16      THE DEFENDANT:  No, sir.

17      THE COURT:  Is your decision to plead guilty today

18  your own free and voluntary act?

19      THE DEFENDANT:  Yes, sir.

20      THE COURT:  Has anybody suggested to you any kind of

21  violence or any threats of force to get you to plead guilty

22  today?

23      THE DEFENDANT:  No, sir.

24      THE COURT:  All right.  Mr. Oakley, do you have an

25  agent that can summarize the Statement of Facts in this case?

1          MR. OAKLEY:  We do Your Honor, Tony Ott from the

2     F.B.I.

3          THE COURT:  Sure.  And, Mr. Pittman, do you wish to

4     have the agent sworn or may he just recite the Statement of

5     Facts?

6          MR. PITTMAN:  He may recite it, Your Honor.

7          THE COURT:  And do you have a copy to follow along?

8          MR. PITTMAN:  I do.

9          THE COURT:  Thank you.

10         Agent?

11         THE AGENT:  "On or about September 16, 2005, Randall

12    Sutton and Ronald Sutton entered the National City Bank

13    located at 2057 Beechmont Avenue, Cincinnati, Ohio, armed with

14    handguns.  Randall Sutton struck the manager in the head with

15    the butt of his firearm.  The other tellers were threatened.

16    During the robbery, the men removed approximately $17,037 in

17    U.S. currency from the custody of the National City Bank.  The

18    National City Bank was a member of the Federal Deposit

19    Insurance Corporation.  The Suttons then fled the bank in a

20    car driven by Jessie Mongham.

21         "On or about October 4, 2005, Randall Sutton, Ronald

22    Sutton and Jessie Mongham entered the Guardian Savings Bank

23    located at 5511 Harrison Avenue in Cincinnati, Ohio within the

24    Southern District of Ohio.  All three of the men brandished

25    firearms and threatened tellers.  The men took approximately

1  $2,335 in U.S. currency from the custody of the Guardian

2  Savings Bank.  The Guardian Savings Bank was a member of the

3  Federal Deposit Insurance Corporation."

4          THE COURT:  Okay.  And, Mr. Sutton, in the bottom

5  left-hand corner of the Statement of Facts that I was given

6  there appears to be your signature again written above?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you agree with the Statement of Facts

9  that the agent just read?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:

12   and are you offering to plead guilty here today because you

13  are, in fact, guilty of the offense charged in Count Three of

14  the indictment?

15          THE DEFENDANT:  Yes, sir, Your Honor.

16          THE COURT:  And are you also offering to plead guilty

17  here today because you are, in fact, guilty of the offense

18  charged in Count Four of the indictment?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  And are you offering to plead guilty here

21  today because you are, in fact, guilty of the offense charged

22  in Count Five of the indictment?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  And are you offering to plead guilty here

25  today because you are, in fact, guilty of the offense charged

1   in Count Six of the indictment?  Count Six?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Okay.  In light of everything we've gone

4   over, all the rights, all the questions, the Statement of

5   Facts, the Plea Agreement, I will ask you for the last time,

6   Mr. Sutton:  How do you plead to the charges in Counts Three,

7   Four, Five and Six of the indictment, guilty or not guilty?

8           THE DEFENDANT:  Guilty.

9           THE COURT:  Okay.  I've had the opportunity now to

10  observe the appearance and responsiveness of the defendant in

11  court on this occasion and on other prior occasions and the

12  manner in which he gives answers to the questions asked.

13  Based upon these observations and the answers given, the Court

14  is satisfied that Mr. Sutton is in possession of his

15  faculties, that he is not suffering from any apparent physical

16  or mental illness, that he is not under the influence of

17  narcotics or alcohol, that he understands the nature and

18  meaning of these proceedings, and he understands the nature

19  and the meaning of the charges and the consequences of the

20  plea of guilty which he wishes to enter today.  He is aware of

21  all the plea negotiations undertaken on his behalf.

22           The Court, therefore, finds that Mr. Ronald Sutton is

23  fully competent and capable of entering an informed plea and

24  further finds that the plea of guilty is a knowing and

25  voluntary plea supported by an independent basis in fact

1   containing each of the essential elements of the offense

2   charged.  Therefore, Mr. Sutton, I will accept the plea of

3   guilty and make a finding.

4           Now, the next step will be that in accordance with

5   Southern District of Ohio Rule 102, a written presentence

6   report will be prepared by the Probation Office to assist the

7   Court in sentencing.  Rule 102 is a standing order of this

8   Court which serves as a schedule for how the presentence

9   investigation and report disclosure processes will occur.

10          The Court charges the probation officer with the duty

11  to administer Rule 102, and the parties will cooperate with

12  the probation officer in that regard.  The probation officer

13  will provide all parties with the specific dates applicable in

14  this case and can answer any questions anybody has about the

15  rule.

16          Mr. Sutton will be asked to give information for the

17  report, and you can have Mr. Pittman with you when you're

18  doing that interview process.  I suggest that he be with you

19  and sits with you during that process.  Okay?

20          THE DEFENDANT:  Okay.

21          THE COURT:  After that, you and Mr. Pittman may make

22  objections to anything that the probation officer puts in the

23  report if you don't think it's accurate or if it's not

24  factual.  And then if Mr. Pittman and the government can't

25  work that out, then later on we'll have a hearing and I'll

1    listen to what you guys have to say about it, I'll listen to

2    what the Probation Department and the government have to say

3    about it, and I will try to resolve those issues.  Okay?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Okay.  You're obviously still in custody,

6    and I don't think there is any objection to Mr. Sutton

7    remaining in custody during the pendency of the investigation

8    report; is that correct?

9            MR. PITTMAN:  No, Your Honor.

10            THE COURT:  Mr. Sutton, you will be remanded to the

11    custody of the U.S. Marshals at this time.  The Presentence

12    Report will be done and then I'll see you at a later date and

13    we'll talk about that.  Okay?

14            THE DEFENDANT:  Yes, sir.

15            THE COURT:  Okay.  Thank you very much.

16            THE CLERK:  This court is now in recess.

17

18            (The proceedings concluded at 1:30 p.m.)

19

20                C E R T I F I C A T E

21        I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM

22    THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

23

24    S/MARYANN T. MAFFIA, RMR

25    Official Court Reporter